UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

BKY 10-35915

Marie Ann Resemius,

                         Debtor.
-------------------------------------------------
John A. Hedback, Trustee

ADV _____

                         Plaintiff,

vs.                                                                       **COMPLAINT**

Larpenteur Animal Hospital, Inc.,

                         Defendant.
-------------------------------------------------

TO:    Larpenteur Animal Hospital, Inc., 1136 Larpenteur Avenue West, St. Paul, Minnesota 55113.

Plaintiff, for his cause of action and prayer for relief states:

### I. JURISDICTION

1.    On August 12, 2010, Marie Ann Resemius (Debtor) filed a voluntary petition in bankruptcy, thereby commencing the above-referenced bankruptcy case.

2.    John Hedback (Trustee) was appointed trustee of the Chapter 7 bankruptcy estate.

3.    The Court has jurisdiction over this adversary proceeding pursuant to Sections 157 and 1334 of Title 28 of the United States Code and Bankruptcy Rule 7001.

4.    Venue of this adversary proceeding is appropriate in this Court pursuant to Section 1409 of Title 28.

5.    This adversary proceeding arises under Sections 547 and 550 of the U.S. Bankruptcy Code. This is a core proceeding pursuant to Section 157 of Title 28. This complaint is filed under Bankruptcy Rule 7001 and Local Rule 901.

## II. FACTUAL ALLEGATIONS

6. Prior to May 14, 2010 (90 days prior to filing date), Debtor was indebted to Defendant in an amount in excess of $1,101.48.

7. Between May 14, 2010 and August 12, 2010, Debtor transferred the sum of $1,101.48 to Defendant.

8. The transfer was made in exchange for the satisfaction of the antecedent debt of $1,101.48.

9. Based on a review of the bankruptcy schedules, Debtor was insolvent at the time of the transfer.

## III. COMPLAINT

10. Plaintiff realleges and incorporates herein the allegations of paragraphs 1 through 9.

11. An interest of the Debtor in property, namely funds having a value of $1,101.48, was transferred to Defendant.

12. Said transfer was made on account of an antecedent debt.

13. Said transfer was made while the Debtor was insolvent.

14. Said transfer occurred on or within 90 days before the date of the bankruptcy filing.

15. Said transfer enabled Defendant to recover more than he would receive as a creditor under a Chapter 7 case, had the transfer not been made, and had Defendant received payment of its debt to the extent provided by the provisions of the Bankruptcy Code.

16. Plaintiff requests an order avoiding the transfer having a value of $1,101.48 pursuant to Section 547 of the Bankruptcy Code.

17. Plaintiff requests an order recovering the sum of $1,101.48 for the benefit of the estate pursuant to Section 550 of the Bankruptcy Code.

**WHEREFORE**, Plaintiff requests an order as follows:

(A) Avoiding the transfer to Defendant of the sum of $1,101.48 pursuant to Section 547 of the Bankruptcy Code;

(B) Recovering the value of $1,101.48 for the benefit of the bankruptcy estate pursuant to Section 550 of the Bankruptcy Code;

(C) Adjudging Defendant liable to the bankruptcy estate for the sum of $1,101.48;

(D) Awarding the Plaintiff his attorneys fees and costs; and

(E) Granting any other relief the Court deems just and proper.

Hedback, Arendt, Kohl & Carlson, PLLC

Dated: January 17, 2011 _____/e/John A. Hedback_____
John A. Hedback, #142438
2855 Anthony Lane South
Suite 201 Anthony Place
St. Anthony, MN 55418
(612) 436-3280
ATTORNEY FOR PLAINTIFF